## GALLAHER v. TEXAGON MILLS, Inc.

District Court, S. D. New York.
July 22, 1946.

---

[10] 89 Cong.Rec. 5753, 5754.
[11] 89 Cong.Rec. 5733.
[12] 45 U.S.C.A. §§ 153 (Second) and 159 (Eighth).

No. 828.

District Court, W. D. Kentucky, Louisville Division.

Sept. 20, 1946.

Edward Morrison, of New York City, for plaintiff.

Medina & Sherpick, of New York City, for defendant.

KNOX, District Judge.

■ Under the law of New Jersey, the director of a corporation whose interest in a matter disqualifies him from voting upon a resolution concerning the same, cannot be counted for the purpose of ascertaining whether a quorum is present when the vote is taken. A director so disqualified by personal interest loses, pro hac vice, his character as director and so cannot be counted. Enright v. Heckscher, 2 Cir. 240 F. 863, 872.

■ By a parity of reasoning, I should think that the officers and directors of a corporation against which they have instituted suit should not be permitted, in effect, to deprive the defendant of a defense that may be sufficient to defeat the action. In order that no such result may come about, the officers and directors of the defendant who believe that the corporation has a valid defense should be permitted to protect its rights, and to do so, in the name of the corporation. See Warwick Sportwear Co .v. Simons, Sup., 13 N.Y.S.2d 321 and In re Bernheimer, Sup., 43 N.Y.S.2d 300.

For this reason, I think the authority under which the defendant's attorneys come into court is sufficient.