**Application of Roy L. SHAPIRO for a Writ of Habeas Corpus.**

**United States of America, Appellant.**

**No. 16825.**

United States Court of Appeals Third Circuit.

Argued Jan. 11, 1968.

Decided April 4, 1968.

Marlene Gross, Asst. U. S. Atty., Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., Jonathan Kohn, Asst. U. S. Atty., on the brief, for appellant.

Emil Oxfeld, Rothbard, Harris & Oxfeld, Newark, N. J., for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

The appeal here is from an order of the District Court granting Roy L. Shapiro, appellee, a writ of habeas corpus releasing him from service in the United States Army on the grounds that his classification was determined by his local draft board in violation of the quorum requirements contained in the Code of Federal Regulations.

Shapiro received a I-A classification from Local Board No. 12 on August 17, 1965. On October 19, 1965, he was granted a personal hearing before the Board. Local Board No. 12 consists of six members only four of whom were present for the hearing. One of these four, Robert Colquhoun, disqualified himself because of his business affiliations with the Shapiro family. After hearing appellee's evidence, the Board voted 3–0 to retain the I-A classification. This decision was appealed to the State Appeal Board which affirmed. Thereafter, Shapiro filed an action in the District Court seeking an injunction staying his induction and an order directing the Local Board to take further evidence on his claimed deferment or alternatively directing the State Appeal Board to hear further evidence. The complaint was dismissed for lack of jurisdiction. Following induction Shapiro applied for release from the Army, but the application was denied on the ground that he had failed to exhaust his administrative remedies. After seeking relief through Army channels, Shapiro filed for a writ of habeas corpus which was granted by the District Court.

Although many grounds were advanced, the District Court ruled that because of the disqualification of Colquhoun, the remaining members failed to constitute the necessary quorum and, therefore, the Board's classification of Shapiro was invalid. In reaching this conclusion the District Court determined that under the applicable regulations, a member of the Board who disqualified himself from acting on a case could not be counted as part of the quorum. Although the question is admittedly close, we agree with the result reached by the court below.

The regulations related to the question before us are found in 32 Code of Federal

Regulations §§ 1604.55 and 1604.56. They provide in pertinent parts:

" § 1604.55 Disqualification

(a) No member of a local board shall act on the case of a registrant who is his first cousin or closer relation, either by blood, marriage, or adoption, or who is an employee or employer, or who is a fellow employee, or stands in the relation of superior or subordinate in connection with any employment, or is a partner or close business associate of the member. If because of this provision a majority of a local board cannot act on the case of a registrant, the local board shall bequest the State Director of Selective Service to designate another local board to which the registrant shall be transferred for action on his case."

"§ 1604.56 Organization and meetings

Each local board shall elect a chairman and a secretary. A majority of the members of the local board shall constitute a quorum for the transaction of business. A majority of the members present at any meeting at which a quorum is present shall decide any question or classification. Every member present, unless disqualified, shall vote on every question or classification."

While the regulations purport to explain the number of persons necessary for a quorum, they do not cover the issue involved in this appeal for they do not indicate whether a member who disqualifies himself may be counted as part of the quorum. Research has revealed no case directly discussing the regulations involved. However, the analogous problem has been decided by several courts in relation to the quorum requirements for corporate boards of directors. Goldie v. Cox, 130 F.2d 695, 717 (8 Cir. 1942); In Re Webster Loose Leaf Filing Co., 240 F. 779, 785 (D.C.N.J.1916); Enright v. Heckscher, 240 F. 863, 872 (2 Cir. 1917); Gallaher v. Texagon Mills, Inc., 67 F.Supp. 845 (D.C.S.D.N.Y.1946); 19 Am.Jur.2d § 1128, p. 562. Although in the corporate field there appears a split of opinion, the better position is the one adopted by the District Court. Piccard v. Sperry Corporation, 48 F.Supp. 465, 469 (D.C.S.D.N.Y.1943), aff'd, 152 F.2d 462 (2 Cir. 1946).

"A director, whose interest in a matter disqualifies him upon a resolution concerning it, cannot, according to the better opinion, be counted for the purpose of ascertaining whether a quorum is present when the vote is taken. A director so disqualified by personal interest loses, pro hac vice, his character as a director, and so cannot be counted. That is the law of New Jersey. Metropolitan Telephone & Telegraph Co. v. Domestic Telegraph & Telephone Co., 43 N.J. Eq. 626, 14 Atl. [907], 908; Id., 44 N.J.Eq. 568, 14 Atl. 907. And it is supported by the weight of authority in other jurisdictions as well." Enright v. Heckscher, supra, 240 F. at page 872.

"All of the directors constituting a quorum must be qualified to act. If one of the directors whose presence is necessary to constitute a quorum, or whose vote is necessary to constitute a majority of a quorum, is disqualified by reason of his personal interest, any act done by the body is invalid. 10 Cyc. p. 777; Cook on Corporations (7th Ed.) 713a; Van Hook v. Somerville Mfg. Co., 5 N.J.Eq. 159. The rule rests upon the board principle that it is the duty of each director in acting for the corporation to do so in the best interest of the corporation. His duty to the corporation is first. It is a duty he cannot perform if his own interest is adverse to that of the corporation. So insidious are the promptings of self-interest, and so great is the danger that it will override duty, when brought into conflict with it, that sound policy requires that such contract should not be enforced or regarded. He occupies the position of a judge passing upon his own case." In Re Webster Loose Leaf Filing Co., supra, 240 F. at page 785.

We find the reasoning of the foregoing decisions most persuasive and consider

that it should be applied in this situation where the procedural due process aspects of the case are at least as important as the considerations in protecting corporate stockholders.

■ It is clear that a draft board may only take action on a registrant's classification by voting. The purpose of a quorum is to insure that at least a certain percentage of the total board will be present to pass upon matters before the board. If a person disqualifies himself and therefore cannot vote or act on the case of a registrant, it seems consistent with the policy behind quorum requirements to hold that that person may not be counted as part of the quorum. Thus if a disqualified member cannot act, a rule recognizing his presence as part of the quorum would vitiate the very purpose in having a quorum in the first intance.

The sentence in the foregoing regulations, strongly pressed by the Government in its argument in the court below, reads: "Every member present, unless disqualified, shall vote on every question or classification." The Government argues that this language recognizes a category of present members and within that category disqualified but nevertheless present members. We are not persuaded by the technical approach required by this contention. The sentence relied on by the Government merely directs every qualified member to vote. If it did not expressly exclude disqualified members from voting, it would create an apparent conflict with the provisions of Section 1604.55, which states that a disqualified member cannot act, and, therefore, it was necessary for the draftsman to write in the exclusion. Rather than being surplusage or lending support to the Government's argument, the sentence avoids possible conflict.

■ The Government alternatively argues that if the Local Board failed to have a quorum present when they heard Shapiro's case, they nevertheless had jurisdiction to create a valid record for a de novo determination by the State Appeal Board to which appellee appealed. This argument fails to consider the mandate of 32 C.F.R. § 1626.23 which provides:

"The appeal board will carefully check to determine whether all steps required by the regulations have been taken, whether the record is complete, and whether the information in the file is sufficient to enable it to determine the registrant's classification. If any steps have been omitted by the local board, if the record is incomplete, or if the information is not sufficient to enable the appeal board to determine the classification of the registrant, the appeal board shall return the file to the local board with a request for additional information or action."

It follows that if the local board's meeting was without a quorum, a vital step proscribed by the regulations was omitted and the appeal board pursuant to the above regulation should have returned the case to Shapiro's local board.

We have reviewed the Government's argument regarding prejudice and find it to be without merit as applied to the facts of this appeal.

We repeat that the question is close. From our study of the entire record in this appeal we find that all of the proceedings before both the Local and Appeal Boards were conducted in the utmost good faith and with conscientious regard for the applicable Selective Service law and regulations. The problem involved, as we stated earlier, arose from the fact that the regulations do not expressly state whether a Local Board member who is present and who disqualifies himself from participating in a case, is nevertheless qualified to take part therein to the extent of completing the mandatory Board quorum and thereby establishing that hearing as a proper statutory hearing by the Local Board.

The judgment of the District Court will be affirmed.

Judge SEITZ concurs in this opinion. Additionally, he believes that the language of § 1604.55, "If because of this

provision [governing disqualification] a majority of a local board cannot act on the case of a registrant * * *," strongly indicates that the majority rule refers to action in connection with a particular applicant, and thus supports the conclusion reached herein.

Judge FREEDMAN agrees with Judge SEITZ's concurrence.